IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

CRAIG GERMAN,

Defendant.

CASE NO.: 4:20-cr-42

**O R D E R**

This matter is before the Court on Defendant's Motion for Judgment of Acquittal and Motion for New Trial.  (Docs. 106, 107.)  The Government has responded in opposition to Defendant's Motions.  (Doc. 119.)  For the reasons more fully stated below, the Court **DENIES** Defendant's Motions.

On May 20, 2020, Defendant was charged by Indictment with one count of perjury in violation of 18 U.S.C. § 1623 and one count of False Statement to a Government Agency in violation of 18 U.S.C. § 1001(a)(2). (Doc. 1.)  The trial of this case began on November 30, 2021; and after three days of trial, Defendant was convicted by a jury of Counts One and Two of the Indictment. (Docs. 105, 111, 112, 113.)  During trial, Defendant made an oral motion for acquittal which the Court denied at that time.  (Doc. 101.)

Defendant now argues in his Motion for Acquittal that the Court should have granted the motion as the evidence at trial was insufficient to sustain his convictions. (Doc. 106.)  Defendant argues that supposed conflicts between the testimony of two Government witnesses (the Defendant's former boss and former coworker), the supposed unreliability of computer forensic evidence demonstrating that Defendant downloaded files belonging to his previous employer, and

the fact that the "allegedly stolen files have never materialized," demonstrates that Defendant was being truthful when he told law enforcement agents that he was being truthful to law enforcement and the Court regarding allegations that he downloaded those files. (Doc. 106 p. 2.) Defendant argues in his Motion for New Trial that the interest of justice requires a new trial to the insufficiency of the evidence. The Government maintains that it proved Defendant's guilt as to each of the charges against him beyond a reasonable doubt. (Doc. 119.)

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994). In considering a motion for judgment of acquittal, the Court views the evidence in the light most favorable to the verdict. United States v. Sellers, 871 F.2d 1019, 1021 (llth Cir. 1989). Moreover, "the court must assume the truth of the Government's evidence." United States v. Pate, No. CR118-008, 2019 WL 1244722, at *3 (S.D. Ga Mar. 18, 2019) (citing United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)). The issue before the Court is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (citing United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)). The verdict must stand "unless no trier of fact could have found guilt beyond a reasonable doubt." United States v. Pinerio, 389 F.3d 1359, 1367 (11th Cir. 2004) (citation omitted).

"Under Federal Rule of Criminal Procedure 33(a), 'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'" United States v. Pitts, No. CR4:19-12, 2019 WL 3408817, at *1 (S.D. Ga. July 26, 2019). However, granting a defendant a new trial based on insufficiency of the Government's evidence is an extraordinary remedy that courts seldom employ. As the United States Court of Appeals for the Eleventh Circuit has explained:

> On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the

> evidence and consider the credibility of the witnesses. United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980); United States v. Simms, 508 F. Supp. 1188, 1202 (W.D. La. 1980). If the court concludes that, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Lincoln, 630 F.2d at 1319.
>
> The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the trial court. An appellate court may reverse only if it finds the decision to be a clear abuse of that discretion. Id.; United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). While the district court's discretion is quite broad, there are limits to it. The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. Simms, 508 F. Supp. at 1202. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. Indelicato, 611 F.2d at 387; United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir. 1971) (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Criminal § 553, at 487). Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those really "exceptional cases." Lincoln, 630 F.2d at 1319; Indelicato, 611 F.2d at 387; Simms, 508 F. Supp. at 1202.

United States v. Martinez, 763 F.2d 1297, 1312–13 (11th Cir. 1985).

This case is by no means one of those "exceptional cases" where the evidence "preponderates heavily against the verdict." Quite to the contrary, the jury heard overwhelming evidence of Defendant's guilt as to each of the counts of the Indictment. Based on the evidence presented at trial, a reasonable jury could have found Defendant guilty beyond a reasonable doubt as to Counts One and Two of the Indictment. This evidence includes but is not limited to the testimony of Defendant's former supervisor and coworker, the testimony of the Government's agent, computer forensic evidence, Defendant's prior statements to law enforcement and testimony to this Court, and even Defendant's own testimony at trial where he once again contradicted his prior statements.

In its Response, the Government effectively refuted Defendant's arguments against the overwhelming evidence proving his guilty. (Doc. 119.) The Court need not repeat those arguments

herein, but it bears mentioning that Defendant made these same arguments to the jury, and the jury rejected them. Furthermore, the Government's evidence, including the testimony of his former boss and coworker was straightforward and consistent. In contrast, in his testimony at trial, Defendant weaved a convoluted story that once again contradicted the other stories he has given in his futile attempts to explain away the overwhelming evidence of his guilt. Indeed, having observed Defendant testify at trial, the Court finds him to be one of (if not the) least credible witnesses the Court has seen. Defendant's arguments that he must not have downloaded the files because the files never materialized is easily rejected. A host of explanations could explain why the files have not materialized. For example, Defendant could have been unable to find a willing buyer for them, whomever bought the files from Defendant could have decided not to use them once Defendant was prosecuted for taking them, or the use of the files may not be evident in the market yet. Moreover, the Court sees no reason to vacate any judgment or grant a new trial. Accordingly, Defendant is not entitled to a judgment of acquittal or a new trial, and the Court **DENIES** his motions, (docs. 106, 107).

**SO ORDERED**, this 19th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4